ORIGINAL

FILED

12/06/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0654

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0654

BRADLEY K. STEVENS,

Petitioner,

v.

PETE BLUDWORTH, Warden,

Respondent.

FILED

DEC 06 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Self-represented Petitioner Bradley K. Stevens has filed a Petition for Writ of Habeas Corpus, requesting his immediate release from prison because he "was granted parole on March 10th 2022[,] and [he is] still here in Shelby regional prison with 1 ½ years clear conduct awaiting release." Stevens states that he cannot get a straight answer to why he is still incarcerated. Stevens provides little other information and no supporting documentation.

The writ of habeas corpus allows "every person imprisoned or otherwise restrained of liberty . . . to inquire into the cause of imprisonment or restraint and, if illegal, to be delivered from the imprisonment or restraint." Section 46-22-101(1), MCA.

Available electronic records indicate that Stevens is serving sentences in three criminal cases from the Lake County and Butte-Silver Bow County District Courts. Stevens became parole eligible in 2017, and he has appeared before the Board of Pardons and Parole (Board). The Board, as Stevens provides, granted him parole on March 10, 2022. The Board, however, has since scheduled a hearing to rescind the grant of parole for December 1, 2022.

The Board has authority under its administrative rules to rescind parole. "A hearing panel may conduct a hearing and rescind a previously granted parole if the offender has not left confinement or is on furlough status . . . ." Admin. R. M. 20.25.601(1) (2016).

Stevens has not left the custody of the Shelby prison since March 2022. Stevens would have received notice of any violation pending his release to parole. Stevens would have also received notice of his hearing for rescission, even though he has not provided this Court with the documents.

Stevens has not demonstrated illegal incarceration or restraint. Section 46-22-101(1), MCA. He is not entitled to immediate release. Therefore,

IT IS ORDERED that Stevens's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Bradley K. Stevens personally.

DATED this _____ day of December, 2022.

_____

_____

_____

_____

_____
                    Justices

2